UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JERRY BURTON,
    Plaintiff,

vs.                                                 10-4025

ILLINOIS DEPARTMENT OF CORRECTIONS, et. al.,
    Defendants.

ORDER

    This cause is before the court for consideration of the plaintiff's motion for reconsideration of the court's May 6, 2010 court order dismissing his case on merit review. *See* May 6, 2010 Merit Review Order.

    A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). The plaintiff did not provide his motion to prison officials within this time frame. Therefore, the court will consider the plaintiff's motions as motions pursuant to Rule 60 of the Federal Rules of Civil Procedure.

    A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

    The plaintiff's complaint alleged that the Illinois Department of Corrections, the East Moline Correctional Center, Warden Stephen Ballard, Correctional Officer Tollefson and Adjustment Committee Members Carl Clark and Ryan Rivera violated his Eighth Amendment rights when they failed to protect him from an inmate attack at the East Moline Correctional Center. The court informed the plaintiff that he could not sue the Illinois Department of Corrections and the East Moline Correctional Center pursuant to §1983.*Will v Michigan Dept. Of State Police,* 491 U.S. 58 (1989); *see also* May 6, 2010 Merit Review Order, p. 2.

    In addition, the plaintiff's complaint alleged that Officer Tollefson failed to protect him because he did not come to his aid and prevent the attack The plaintiff did not allege that he had told Officer Toffefson that he was in danger prior to the attack and in fact, stated that even he did not know the assault was about to occur. May 6, 2010 Merit Review Order, p. 1.

    The plaintiff also made reference to several other constitutional violations, but did not allege any supporting claims.

The plaintiff now states that he should not have been assessed a strike pursuant to 28 U.S.C.§1915(g) because he did not abuse the judicial process and his documents were prepared by other inmates. Nonetheless, the plaintiff filed a complaint that failed to state a claim upon which relief could be granted.

The plaintiff also says he should have been given an opportunity to amend his complaint because he could allege that Defendant Tollefson was aware of the problems between the other inmate and the plaintiff because he had to stop an argument between the two of them. The plaintiff clearly stated in the merit review hearing that he had no advance warning that he was going to be attacked. Therefore, none of the defendants could have been expected to anticipate the attack either. In addition, witnessing a verbal argument does not mean that the defendant had reason to believe a physical assault would occur three days later. In addition, the plaintiff does not claim that he asked to be moved due to fears about his safety. The motion is denied.

**IT IS THEREFORE ORDERED that the plaintiff's motion to reconsider pursuant to Rule 60 of the Federal Rules of Civil Procedure is denied. [d/e 8]**

Enter this 8th day of October, 2010.

\s\**Harold A. Baker**

_____
HAROLD A.. BAKER
UNITED STATES DISTRICT JUDGE